In the Matter of EMANUEL LEWIN as a Member of the Committee of SIMON H. SARIYAN, an Incompetent Person.

Supreme Court, Special Term, New York County, October 5, 1944.

*Emanuel Lewin,* petitioner in person.

*Paxton Blair,* special guardian.

PECK, J. This is a motion made by one of a committee of three of an incompetent to have determined the amount of commissions due him. The last judicial accounting of the committee was as of May 31, 1935, at which time the balance in the hands of the committee was $101,098.88. Since that date the committee has filed annual inventories with the official referee designated by the Appellate Division to examine such reports. The referee's report for 1939 challenged the practice of the committee in taking three full commissions, since the balance in their hands, after the allowances made on their preceding accounting, was less than $100,000. The Appellate Division approved the report of the referee without prejudice to the right of the committee, or any member thereof, to make application at Special Term, Part I, for a determination of the question of law involved, being the question of the right of each member of the committee to a full commission. That application is now before the court on this motion.

The annual reports of the committee since the accounting of 1935 show that the balance on hand has varied from $98,000 to slightly over $100,000 at the present time. Subdivision 8 of section 285 of the Surrogates' Court Act provides: " If the gross value of the principal of the estate or fund accounted for amounts to one hundred thousand dollars or more, each executor, administrator or guardian is entitled to the full compensation on principal and income allowed herein to a sole executor, administrator or guardian  *   *   * ."

By section 1376 of the Civil Practice Act a committee of the property is entitled to the same compensation as an executor, administrator or testamentary trustee. The question, therefore, is what is the amount of the " fund accounted for ", as that amount, whether above or below $100,000, determines the amount of the compensation of the committee.

The referee recommended against the allowance of three full commissions because as the result of and after the intermediate accounting the fund in the hands of the committee was less than $100,000. It is clear, however, that the fund for which the committee then accounted was more than $100,000, and the accounts were judicially settled on that basis, so that at the start of the next accounting period the committee would be charged with a

fund of over $100,000. It is that fund of over $100,000 which the committee will have to account for upon their next accounting. So on that accounting, whenever it occurs, the committee would be entitled to the allowance of three full commissions. Likewise, as the committee is entitled to take its commissions annually, it may, during the present accounting period, take three full annual commissions.

Whatever may be said in principle concerning the allowance of commissions for periods when the estate is below $100,000, the statute is clear in fixing both the amount of the fund and time of determining the amount which are to control commissions. (*Matter of Juilliard*, 171 Misc. 661, affd. 259 App. Div. 828, leave to appeal denied 283 N. Y. 778.) There the fund had depreciated during the period between its receipt by the trustees and their accounting. At the time of the receipt the estate was over $100,-000 and at the time of the accounting it was less. The court held that each of the three trustees should be allowed full commissions on the fund " set up by the executors pursuant to the terms of the decedent's will * * * even though through the mutations of time the corpus has become larger or smaller." The special guardian here draws a distinction between the *Juilliard* case, where the decrease in the principal of the fund was due to depreciation, and a case where the decrease in the principal is due to invasion for the incompetent's support.

The court cannot see from an examination of the papers on this motion that there has been any invasion of principal for the support of the incompetent. Rather, it appears that the decrease in the corpus of the fund since the last accounting is due to the allowances made upon that accounting, and that since then the fund has gradually worked itself up to more than $100,000 by an accumulation of income over disbursements. The ruling on this motion, however, is on the basis that it does not matter how or why the fund has fallen below $100,000, as it is the amount of the fund which the committee is charged with and accountable for, rather than the amount which it presently has or intermediately had on hand, which determines the scale of commissions. It certainly would not be rational to hold that trustees are entitled to full commissions where the lessening of the fund is due to a depreciation in values to the detriment of the ward, but are not entitled to full commissions where the lessening of the fund is due to an invasion of principal for the benefit of the ward. What has happened to a fund is an item for consideration on an accounting, and may even result in surcharges and perhaps a forfeiture of commissions, but it cannot affect the basis for

determining commissions. As the fund which the committee here has to account for is in excess of $100,000, the individual members of the committee are entitled to full commissions.

The other questions raised by the movant will not be passed upon, nor will the court determine the amount of commissions due, as the proper scope of this motion under the Appellate Division order is the one question of law here determined, and the allowance of commissions can only be made upon an accounting. This is without prejudice to the committee's right to avail itself of the provisions of the last sentence of section 1376 of the Civil Practice Act [withholding its commissions when filing its annual report]. The compensation of the special guardian will be fixed in the order to be entered hereon. Settle order.